## Holt v. Steiden Stores et al.

October 10, 1950.

Wm. H. Field, Judge.

Ollie James Cohen and Theodore Wurmser for appellant.
Chas. W. Morris and Frank A. Garlove for appellees.

JUDGE HELM—Affirming.

Appellant, Marie Holt, 27, brought this action against appellees, Steiden Stores, Winn & Lovett Grocery Company, and against Baxter Avenue Pharmacy, a corporation, alleging that on May 6, 1947, she was employed by appellees and Baxter Avenue Pharmacy to operate an ice cream mixing machine, and that while so employed she, by the carelessness and negligence of "the defendants," sustained an injury to her right hand and arm necessitating the amputation of the arm between the elbow and wrist to her damage in the amount of $85,300.

At the conclusion of appellant's evidence, the trial court directed a verdict for appellees, Steiden Stores and Winn & Lovett Grocery Company. The swearing of the jury was set aside and the case continued as to the defendant, Baxter Avenue Pharmacy. The petition as amended as against appellees having been dismissed, appellant appeals as to them urging "that the evidence clearly established master and servant relationship" as between appellees and appellant.

The testimony reveals that Hubert Burdette, a truck driver for Steiden Stores and a boarder at the home of appellant, on a Sunday at her request took appellant to the Baxter Avenue Pharmacy and introduced her to David Musacchio, president, manager, and principal stockholder of the pharmacy. After conferring with her as to her previous work, Musacchio employed her to operate an ice cream mixing machine. He showed her the machine, asked if she thought she could run it. She told him that she believed she could.

Richard Isham, who was employed by the pharmacy at night, showed appellant over a period of about two weeks how to operate and how to clean the machine. Her earnings were $24 a week, paid by the pharmacy. The pharmacy is located at 424 Baxter Avenue in Louisville and has been since 1925, except for a time following the 1937 flood. One room of the pharmacy was a drug store, the adjoining room was used for making ice cream. The warehouse of the Steiden Stores was located next door to the Pharmacy building. Steiden Stores owned both buildings. They rented the drug store building to the pharmacy. There was no connecting door between the buildings. The truck drivers for Steiden Stores re-

moved the ice cream from the ice cream room. They had a key to the room so that they could remove it before Musacchio came to work. Musacchio appears to be the only one who had a key to the drug store. He worked late at night and did not come to the drug store until about 10 a. m. in the morning. After appellant had been instructed evenings by Isham for about two weeks, she began working in the daytime and came to the ice cream room at 8:30 a. m. She worked eight hours a day, making about 96 pints of ice cream an hour.

A part of the ice cream made by the pharmacy was sold over the counter in its drug store. The remainder was sold wholesale to Steiden Stores. From the testimony of Musacchio, called by appellant, it appears that he employed appellant, paid her and controlled her hours, wages, and the work which she did. Steiden Stores did not employ, pay, or in any wise control her or direct her work.

Appellant called William Steiden, real estate manager, and Leo Steiden, vice president of Steiden Stores. William Steiden stated that Steiden Stores rented storerooms to Baxter Avenue Pharmacy; that it paid them rent; that they bought ice cream from the pharmacy for which they paid; that Steiden Stores had no right to hire or fire pharmacy employees, or any control over them, or any discretion in the matter of how much the pharmacy paid them. Leo Steiden testified they bought ice cream from the pharmacy but had no control over the amount it made or the manner of making it; that Steiden Stores did not manufacture this ice cream or have anything to do with manufacturing it.

To sustain her plea that Steiden Stores was her employer, appellant introduced testimony showing that the truck drivers for Steiden Stores removed ice cream from the pharmacy's ice cream room; that the drivers had a key to this room; that the ice cream was made in a room belonging to Steiden Stores; that Steiden Stores bought all of the ice cream except that sold at the drug store; that the ice cream sold by appellee was labeled "Our Own Ho-Made Ice Cream." She said Leo Steiden "helped the boys from the Steiden Stores pick up the ice cream out of the boxes where it was stored and put it in paper boxes to go to the Steiden Stores" and that on one occasion William Steiden, appellee's real estate manager,

said "it seems to me I will have to get a little **more** help"; that Edward Tankersley, a mechanic **employed** by Steiden Stores, on occasions showed her how to operate the ice cream mixing machine and that he, **at** times, repaired the machine. Tankersley, called by appellant, says that he repaired the machine at Musacchio's request after hours when he was not working **for** Steiden Stores; that Steiden Stores had no connection with this, and that Musacchio paid him for all of **his** work. He says that he did not instruct appellant. **Leo** Steiden testified that Tankersley had no instructions **or** authority from Steiden Stores to repair the machine **or** instruct the employees of the pharmacy.

Appellant operated the machine for eight or **nine** weeks—from March to May 6, 1947. From her testimony it appears that on May 6, 1947, while cleaning the machine she "opened the lid up, ran a little water in, turned the motor on and it was washing it on **the** inside while I was washing it on the outside * * * I was washing the lid with the rag and the suction sucked the rag in and jerked my arm in with it."

At the close of appellant's evidence the trial court said to the jury:

"Steiden Stores and the other defendant, Winn & Lovett, which is the parent company of the Steiden Stores, have asked me to instruct you to find for them. * * * The case has been very voluminous, but the * * * controlling points are very limited. The primary question is: 'Who employed the plaintiff; who instructed the plaintiff.' I find no evidence that connects the Steiden Company or the other defendant with that * * *. According to the evidence she was employed by the Baxter Avenue Pharmacy and instructed by its agent and employee. The machine on which she was working * * * belonged to the Pharmacy Company which made the ice cream. The employees of the Steiden Company appeared frequently throughout the testimony, but in no controlling capacity. * * * I will ask you to sign the verdict for these two defendants."

We have reviewed the testimony carefully. It shows that the appellant was employed by, instructed by, controlled and directed by, and was paid by Musac-

chio for the pharmacy. Taking all of the testimony in the appellant's behalf as true, it does no more than establish a vendor and purchaser relationship between the pharmacy and the Steiden Stores. It does not, in our opinion, establish that the relationship of master and servant existed between appellees and appellant. We have examined the cases relied on by appellant, most of which are cited in West Ky. Digest, Master and Servant, Key 284(2), but the facts of those cases are not analogous to the facts of the instant case. In our opinion the facts in this case, which we have summarized, were not sufficient to take the case to the jury. We are constrained to hold that the trial court reached the correct conclusion.

The judgment is affirmed.